## INTERNATIONAL–GREAT NORTHERN R. CO. v. GROFF.

### No. 9032.

Court of Civil Appeals of Texas. San Antonio.

March 22, 1933.

Rehearing Denied April 19, 1933.

Eskridge & Groce, Geo. S. Rice, Jr., and F. C. Davis, all of San Antonio, and Andrews, Streetman, Logue & Mobley, of Houston, for appellant.

Dwyer & Groce, of San Antonio, for appellee.

FLY, Chief Justice.

This is a suit for damages arising from a fall over certain triple valves piled on a platform of appellant, while appellee was engaged in the service of appellant. It was alleged that it was negligent for appellant to place such valves on the platform and allow them to remain there at night without having the platform lighted.

The cause was submitted to a jury through special issues, and on the responses thereto judgment was rendered against appellant for $4,500.

The answer of appellant, after a formal general demurrer and general denial and a specific denial that appellee was injured as alleged through any negligence of appellant, and an allegation that such fall as appellee may have had caused none of the injuries alleged by the appellee, proceeded as follows:

"Defendant says that plaintiff shortly after the 6th day of February, 1930, reported back to the defendant for work and actually went to work and continued to perform the duties of his employment for several weeks. That then the plaintiff was induced, as hereinafter alleged, to feign or pretend injuries and thereafter was induced to lend his name to the prosecution of this lawsuit.

"In this connection, defendant alleges that F. P. McCloskey is a notorious promoter and fosterer of fictitious claims for damages and a stirrer up of unwarranted litigation. That the said McCloskey learned in some way that the plaintiff while in the employ of the defendant had a slight fall and that thereupon the said McCloskey proposed to the plaintiff that he, the said plaintiff, exaggerate his alleged injuries and pretend to be in serious condition, and represented to the plaintiff that he, the said McCloskey, could through his influence and counsel whom he would employ collect a large sum in damages. That the plaintiff permitted himself to be influenced by said representations and permitted himself to be induced thereby to become a party to misrepresentation and exaggeration. That the said plaintiff assigned to the said McCloskey a one-half interest in any cause of action he might have, and the said McCloskey has continuously since financed the plaintiff and this litigation; the alleged cause of action being without basis in fact and the whole plan of the plaintiff and the said McCloskey being for the purpose of attempting to extort from this defendant moneys to which they are not entitled.

"That the conduct of the said McCloskey is champertous, against public policy and violative of good morals and the plaintiff has made himself a party thereto by submitting to the inducements of the said McCloskey, which caused the plaintiff to leave the employment of this defendant, where, except for such inducements, he would have remained and performed services incident thereto.

"That in connection with their plan to extort money from this defendant and to impose upon the court and jury, plaintiff and the said McCloskey, for the purpose of getting opinions and conclusions into the record by way of medical testimony indicating physical injury to the plaintiff, have suppressed certain known facts and submitted to supposed experts only half truths and thereby seek to elicit opinions and conclusions which could not be procured or which would be entirely refuted if all of the known facts in their possession were submitted to such experts, all of which is done in pursuance of

a plan and scheme to deceive, mislead and impose upon a judicial proceeding. * * · * "

Appellee's exceptions to the answer were confined to the following sentences therein: "That F. P. McCloskey is a notorious promoter and fosterer of fictitious claims for damages and a stirrer up of unwarranted litigation." And: "That the conduct of the said McCloskey is champertous against public policy and violative of good morals."

The exceptions were sustained and the excerpts from the answer stricken out. No other exceptions were filed to the answer, but, after the jury had been impaneled and the petition had been read, and counsel for appellant began to read the parts of the answer which had not been assailed by exceptions, appellee objected to it orally, and it was stricken by the trial judge, leaving the general denial and the denial that appellee had been injured as alleged, which amounted to nothing more than a general denial. Although all the answer herein copied was stricken by the court, appellant was allowed to prove the allegations in the answer, as such were not objected to by appellee, nor excluded by the court. The court, after admitting proof as to the allegations in the answer, neglected and refused to submit the defense raised by them to the jury.

■ The action of the court, in connection with the answer, as herein described, is made the subject of criticism in propositions 1, 2, and 3 copied into the brief. It is plainly charged in the answer that appellee had continued to work for appellant after a short lay-off, and that he and Frank McCloskey, who was engaged in the champertous business of inciting litigation in connection with personal injuries, which were feigned by those who had a slight basis for claiming slight injuries, and furnishing doctors and lawyers, had conspired to carry the designs into execution. The allegations of the answer were pertinent and appropriate, as tending to show that appellee had received little or no injury from his fall, and that he was feigning and malingering under the tutelage and leadership of an expert coach for such persons who consorted with him to wring undeserved dollars from corporations. The allegations of the answer were not conclusions, but the facts were pleaded showing fraud and collusion with McCloskey to exaggerate any injuries sustained, and to obtain a judgment for injuries not received, but for those conceived by McCloskey and supported by evidence procured by him. If the court was right in striking the answer, then the evidence should not have been admitted, and, if it was admissible, the defense should have been presented to the jury. Appellant sought a presentation of the issue as to the conspiracy and a simulation of injuries not received. It was error not to present the issue. Appellant claims that appellee was not injured by appellant, but that he was a conspirator and a malingerer. It was a valid defense, sustained by at least some evidence, and it should have been considered by the jury in arriving at a verdict.

The complaint as to the action of the court in answering a question by the jury will not occur on another trial, and need not be considered.

If the appellant desired the question of knowledge of appellant of the presence of the valves and the absence of a light, it should have requested a charge bearing on that question. No such charge was asked.

For the error of the court in striking out the answer, and in permitting testimony on the issues raised by the stricken answer, and then refusing to present the defense made by the evidence, the judgment will be reversed.

■ In view of another trial, we call attention to the fact that the action of the court in denying the right of appellant to read his pleading to the jury deprived appellant of a fair trial, in that it proclaimed to the jury that the court thought no defense had been presented by the pleading.

The jury must have asked themselves the question, "Why did the court allow appellant to prove the very matters pleaded in the stricken answer, and then refuse to allow us to pass on such testimony?" The jury must have been impressed with the idea that the judge considered that appellant had no defense to the claim of appellee, and it was a foregone conclusion that the decision must be in favor of appellee. We think appellant had the right to present its defenses, without any indication being given to the jury of the attitude of the court. We do not intend to intimate that the court had any intention to deprive appellant of a fair trial, but merely to state that the action of the court did deprive it of a trial on its pleadings.

The judgment is reversed, and the cause remanded.